GRANT v. SICKLESTEEL LUMBER CO.[1]

SALES—CONTRACTS—EXECUTORY CONTRACTS—ASSIGNMENT.

> To secure payment of his promissory note for $100 given to
> plaintiff, one F. assigned to plaintiff an invoice of a car load
> of lumber, then in transit, consigned by F. to defendant, and
> also delivered to plaintiff a nonnegotiable, unsigned railroad
> conductor's receipt, indicating the receipt of the car load of
> lumber by a railroad company. Of the said assignment of
> the invoice defendant was notified by plaintiff. The lumber
> was rejected by the defendant, the consignor notified, and at
> his request the lumber was unloaded by the consignee and
> held subject to freight and handling charges, and upon pay-
> ment of such charges was later turned over to someone indi-
> cated by the consignor. The gross invoiced value of the
> lumber was $342.37, the estimated freight charges $143.50,
> the net value $198.87. Plaintiff declared upon the common
> counts in assumpsit and claimed the right to recover the
> amount of money evidenced by the note upon the ground that
> by the assignment of the invoice the title to the lumber
> passed to plaintiff. It is *held* (1) that an assignment of a
> money demand to arise only upon performance by the as-
> signor of a contract for the delivery of chattels is not, as mat-
> ter of law, a sale of the subject-matter of the contract; (2)
> that the testimony does not support the conclusion that plain-
> tiff bought the lumber in transit; (3) that if the lumber had
> been accepted the duty of the consignee to pay the net value
> thereof to plaintiff would be clear; but where, as between
> the contracting parties, no duty to pay for the lumber ever
> arose, the assignee of the demand cannot recover, upon the
> common counts, the contract price of the lumber.

Error to Wayne; Donovan, J. Submitted January 12,
1909. (Docket No. 62.) Decided March 3, 1909.

Assumpsit by Lee W. Grant, John B. Carroll, and
Pierre B. Kennedy, copartners as Grant, Carroll & Ken-
nedy, against the Sicklesteel Lumber Company for goods
sold and delivered. There was judgment for defendant

---

[1] Headnote by OSTRANDER, J.

on a verdict directed by the court, and plaintiffs bring error.  Affirmed.

*Clark, Jones & Bryant,* for appellants.

*Tarsney & Fitzpatrick,* for appellee.

This suit was begun in justice's court; the plaintiff declaring on the common counts in assumpsit, "especially as assignee of the Midland Lumber Company, for interest in L. I. & U. car of lumber No. 61823." Upon appeal to the circuit court a verdict for defendant was directed by the court, and judgment was entered on the verdict. The facts are undisputed, and may be stated in few words: One S. P. Folsom, who did business as the Midland Lumber Company, gave to the plaintiffs his promissory note for $100, dated July 10, 1906, due one day after date. As security he assigned to plaintiffs an invoice of a car load of lumber shipped by the Midland Lumber Company to the defendant and then in transit. He also gave them a nonnegotiable conductor's receipt, unsigned, showing the receipt by the railroad company, at a station in Missouri, of the car of lumber. The invoice and assignment thereof plaintiffs on July 10, 1906, mailed from St. Louis, Mo., to the defendant at Detroit, Mich., with a letter reading:

" *Gentlemen:* We inclose herewith invoice of the Midland Lbr. Co., $198.87, covering car D. 61823, L. S. & M. S., which you will observe has been assigned to us. Will you kindly acknowledge receipt and advise us whether the terms 2 per cent. ten days mean ten days from the date of invoice, or arrival of car at destination? We thank you in advance for your courtesy, and inclose stamped envelope for your reply."

To this defendant sent the following reply:

" *Gentlemen:* Your favor of the 10th inst. received with assignment of invoice for car No. 61823, L. S. & M. S., from the Midland Lumber Co. to yourselves. We will comply with your request therein and will advise further that the terms on our order are 2 per cent. cash

discount which means after the arrival and acceptance of lumber."

When the lumber arrived defendant refused to accept it and wired Midland Lumber Company to that effect. At the request of the consignor it unloaded the lumber and held it subject to freight and handling charges. In answer to plaintiffs' letter of July 26th, and by letter of August 3d, defendant notified plaintiffs of these facts. Under date of August 21st plaintiffs wrote, acknowedging receipt of defendant's letter of August 3d, stating they were informed that under instructions from the Midland Lumber Company defendant had turned the lumber over to some other concern in Detroit, asking the name of the concern, and, as a favor, that defendant give it notice that "this account had been assigned to us." To this defendant replied that someone with a release from Midland Lumber Company paid the expenses and freight, loaded, and shipped the lumber, and that they did not know to whom it was shipped. The invoiced gross value of the lumber was $342.37, the estimated freight charges $143.50, the net amount or value assigned being $198.87. Plaintiffs, in the court below, claimed the right to recover the amount advanced to Folsom with interest.

OSTRANDER, J. (*after stating the facts*). Plaintiffs advance two propositions. The first one is that the title to the lumber passed, by the assignment of the invoice, to the plaintiffs. The second is that, having been advised by plaintiffs of their rights, the turning the lumber over to someone other than the plaintiffs amounted to an acceptance of the lumber, and liability arises to pay to plaintiffs the contract price. No authority is cited in support of the first proposition. It is said, however, that the account was an executory contract of sale, and its assignment carried with it all the rights under that contract. If the shipment had been accepted, the assignees had the absolute right to the money; and, if the contract had been rescinded, the right to the possession of the lumber.

The mere assignment of a money demand which is to arise only upon the performance of a contract by the assignor is not necessarily and as matter of law a sale of the subject-matter of the contract. Manifestly one might be willing to accept, as security for a loan, the assignment of an invoice of lumber in transit when he would not accept, with the attendant liabilities of freight and other charges, the title to the lumber. The facts do not warrant the conclusion that plaintiffs bought the lumber in transit. They at no time asserted ownership of the lumber. There is no intimation of such a claim in the letter transmitting to defendant the assigned invoice. It appears that, while a letter dated at St. Louis on the 10th of the month is answered at Detroit on the 12th of the same month, an interval of at most three days, the plaintiffs' reply to the defendant's letter of August 3d, informing them that the lumber was rejected, and that it was complying with the vendor's request in unloading it and holding it, was dated August 21st. This reply advises defendant that plaintiffs are informed that under instructions from the vendor they have turned the lumber over to someone else, and it requests defendant to notify the new buyer that the account has been assigned to them. The right of the vendor to control the disposition of the lumber is not questioned.

The lumber was rejected because it was not of the quality which had been ordered. There was a breach of the contract on the part of the vendor, not a rescission on the part of the vendee. If the lumber had been accepted, the duty to pay for it would at once arise, and the plaintiffs' right to enforce the demand would be undoubted. This because plaintiffs succeeded to the vendor's right to enforce the demand. But where, as between the contracting parties, no right to enforce the demand ever arose, where the vendee owed to the vendor no duty, express or implied, to pay the demand, it is difficult to understand how an assignee of the demand has, by virtue of his assignment, succeeded to any such right. The correspondence of the

plaintiffs and the defendant established no contract relations between them.

We think there is no theory, supported by the facts, which will permit the plaintiffs to recover, in assumpsit, the contract price of the lumber, or any part of it.

The judgment is affirmed.

BLAIR, C. J., and GRANT, MONTGOMERY, and MOORE, JJ., concurred.